Case No: _____    Inmate Name: *Albert Pete Veenstra IV*

Albert Pete Veenstra, IV Date # 21864 *5/4/20*    Inmate IDOC#: *21864*
ISCC C1-24A
POB 70010                Document Title: *Prisoners Civil Rights Complaint*
Boise, Id 83707

Total Pages: *21*   Inmate Initials Verifying Page Count: *AV*
Daniel W. Perkins #31417   Document(s) *1* of *2*
ISCC C4-25A
POB 70010
Boise, Id 83707

Warren L. Hamilton #36833
ISCC C2-34A
POB 70010
Boise, Id 83707

Robert Taylor #62590
ISCC C2-19B
POB 70010
Boise, Id 83707

Rickie Storm #17849
ISCC H1-Cot-A
POB 70010
Boise, Id 83707

Todd A. Hogan #70837
ISCC C1-31A
POB 70010
Boise, Id 83707

Kenny Campbell #37920
ISCC C1-11B
POB 70010
Boise, Id 83707

Jacob Wibberg #122772
ISCC C4-25B
POB 70010
Boise, Id 83707


        Pro se Lay legal advisors for Plaintiffs




        PRISONERS CIVIL RIGHTS COMPLAINT   Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


*******

| | |
|---|---|
| Albert Pete Veenstra,III,Daniel W. Perkins, Warren L. Hamilton, Robert Taylor, Rickie Storm, Todd A. Hogan, Kenny Campbell, Jacob Wibbarg,Richard Hibbert, Jerome Phillips, Rodney Burkhead, Michael Longhi, James Potts, Jared Mickelson, Justin Nelson, Ramiro Granado, Jerry White, Shawn Norris, Mitchell Blanton, Smrz, Robert Armfield, Kelly Kavanoaugh, Shepherd Reale, Ellas Gallegos, Jose Gonzales, Jayson Whitehawk, Robert Morton, Robb Porter, Sonny Farrow, Richard Tarver, Carl Redfern, Bryan Brown, Kevin Hankins, David Best, Donald Rigby, Allen Ferguson, Markcus May, Jason Richardson, Matthew Wise, Ryan Butler, Joshua Sloan, Jerry Sanner, Preston Beck, Harold Grist, Andrew Preodnik, Robert Farris, Brian Johnson, Adam Messervey, Joshia Hayes, Garbay Alvarers, Robert Tucker, Mason Hughes, Timothey Gorman, Cory Oranel, Christopher Sears, Brian Orcult, Jeremy Wilkinson, James White, Mathew Hale, Samuel Martinez, Hector Arias, Charles | Case No._____<br><br><br>PRISONERS CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983<br><br>DEMAND FOR JURY TRIAL<br><br>REQUEST FOR CLASS CERTIFICATION PURSUANT TO FRCP 23<br><br>NOTICE OF NON CONCENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE TO CONDUCT ANY PROCEEDINGS IN THIS CASE<br><br>REQUEST FOR APPOINTMENT OF COUNSEL<br><br>REQUEST TO PROCEED IN FORMA PAUPERIS<br><br>REQUEST FOR PRELIMINARY/PERMANENT INJUNCTION AND RESTRAINING ORDER DUE TO OVERCROWDING AND COVID-19 AND DEFENDANTS TEWALT"S FAILURE TO RESPOND TO CONCERN FORM SUBMITTED BY PLAINTIFF VEENSTRA ON 04/19/2020 SEE PAGE 13 |

Kukuruzon, Joseph Menn, Daniel
Wilson, Alexander Evans, Sid
Campbell, Melvin McRay, William
Stebelton, Victor Contreras,
David Meeks Jr, Greg Harder,
Christopher Vickers, E.R. Daniels,
Michael Charron, Michael Garcia,
Bobby Beatx, Willie Walls, Todd
Murphy, Chris Abbott, Nakoma
Powell, Richard Grace, Gordon
Graves, Frank Marks,Lester Jones,
Michael Spradlin, John LLoyd,
Gabrial Garcia, Miguel Olmos,
Wesley May, Gage Templin, Cory
Backer, Keith Wolf, Michiel
Everitt, Tony Cole, Mark Lindley,
William Murkeo, William Shinkle,
Phillip Gleason, Cody Devaueghn,
Stephen Frankoff, Robert Lish,
Mike Saldivar, Koren Alexander,
Larry Lashchok, Allen Hernandez,
Michael Meyer, David Hawkens,
Darryl Kuehl, Lee Ridgley, Tyler
Hunt, Davey Lewis, Cameron
Jeffery,Craig Tucker, Alex Arnold,
Spencer Osterout, Daniel Jensen,
Gary Plyilan,IDOC #78251, Allen
Weston, Ronald Barrigan, Isreal
Pineda, Lance Selleck, Ed Prall,
Wyatt Pearce, Ismiel #104787,
Erick Estrada, Christopher Harvey,
Nathaniel Tylor, Jorge Gonzalez,
Herbert Hensley, Frank Schiotis,
Albert Campbell, Cordel Lamb,
Jose Martinez, David Larson,
Antonio Martinez, Benny Pedioza,
IDOC #54772, Mark Grim, Kevin
Edwards, Christpher Hand, Kyle
Townsend, Austin Cooper, David
Erickson, Zach Castle, Clinton
Borck, Eli Mosho, Dustin Weaver,
Brandon Creel, Michael Pens, Rex
Harn, Genaro Regin, Javier Regin,
Joshua Cassey, Dennis Randles,
Austin Bradshaw, Patrick Noxoll,
Jorell Williams, Christopher
Clingerman, James Elkins, Jaron
Morris, Roland Aguilar, Jesus
Martinez, Timothy Hellickson,

PRISONERS CIVIL RIGHTS COMPLAINT  Page 3

David Bakke, David Saxton, Jose
Castaneda, Kirtis vlahos, Caleb
Hinton, Cristian Gonzalez, Kevin
Simmons, Tanner Howe, Derrick
Wheeler, Michael Curtis, Matthew
Anthoney, Osward Pagan, Braviz
Turnbull, Ernie Andrus, John
Shalbreck, #111185, Sergio Gon-
zales, Chadlen Smith, Robert Gi-
les, Derek Maxwell, Kyle Stevens,
Cody Thompson, Dylan Montota,
Anthony Childers, Richard Howard,
Arron Edwards, Kristopher Lewis,
Tylor Walton, Juston Hartley,
James Beyer, Kasey Ling, Travis
Ray, Zachary Montoya, Danial
Srtoud, Joseph Himelblav, Kris-
tian Smith, Robert Hubbard, Joe
Ranjom, Jon Richardson, Sharafi
Sharafi, Nicholas Coxey, Dennis
Twohy, Joseph Shafer, Randy Tr-
acy, Jerome Stanford, Cameail
Green, Temirly Smith, James Cl-
ausen, Robert Murphy, Randel
Porath, Hans Kruger, Abdullagev
Lbrayim, Clarence Garren, Justin
Cosner, Caleb Baybev, Vonberndt
#87762, Skyler Franles, Antonio
Neil, William Hampton, Todd Bu-
tters, Travis Ward, Josh Kittl-
eman, Clinton Knapp, Ronald Ba-
ker, Justin Sullivan, David Ba-
kke, Austin Day, Morgan Day,
Jackie Curl, Derrick Hughes, Tim
Kelly, Calvin Reizenstein, Rob-
ert Pierce, Sean Roland, Abda-
lla O, Timothy Arsenault, Tim
Allen, Paul Evans, Gregory Ph-
illips, Richard Walther, Jodie
Dorris, Martin G. #60744, Austin
Wyman, Bruce Murry, David Brown,
Michael Smith, Scott Maher, Al
Broncho, Miguel Farias, Jacob
Dalton, Brandon Ferreira, Shawn
Orton, Katie Robinson, Brent
Cunningham, Marcus Peterson,
Casey Rosemorebo, Mike Ramsey,
Robert Mackey, Riley Weigt,
Michael Collins, Chris Mitchell,

Derik Christensen, Gerald Cummings,
James Stevens, Gregory Vine,
Michael Mcnearey, Maciu Bevins,
Tate France, Chris Mitcheal,
Issac Washington, Jayson Frost,
Seth Maclin, Blade Anderson,
Rodney Seiber, Jeremiah Cox,
Craig Anderson, Eddie Carmona,
Alex Sturge, Thomas Byington,
Reuben Cortez, #117185, William
Fletcher, Rodney Burkhead, Chris
Rodriguez, Jose Veiasquez, Cody
Forgey, Edward Kent, Samuel Ste-
phens, Derek Eckstein, Matthew
Brooks, Robert Best, Christopher
Garrett, Tybon Bodily, Jayvon
Walker, Matthew Hale, Justin
Waltman, Jeffrey Bramwell, Matt-
hew Hoffbuhr, John Lopez, Jacob
Coelho, Andy K. #93424, Billy
W. #77623, David Holladay, Mich-
ael Demoura, James Authurs, Rual
LLamas, Bryan Flud, Eric Tharpe,
Sherman Schrock, Daniel Schndt,
Shane Montogomery, James Mort,
Allen E. #121179, Rocky Ringle-
man, Steve Stevenson, Pablo Ro-
driquez, John Meno, and all
those similarly situated at the
Idaho State Correctional Center
in B,C, and H Block, together
with all persons confined there
between 07 /01 /2018 , and the
entry of final judgment in this
case,

    Plaintiffs

v.

BRAD LITTLE, as Governor of the
State of Idaho, in his official
capacity; Idaho State Board of
Correction Governing Members,
in their official capacities;
Idaho Department of Correction
Director JOSH TEWALT, in his
official capacity; Idaho State

Correctional Center Warden JAY
CHRISTENSEN, in his official
capacity; Idaho State Correctional
Center Housing Lieutenant GREEN--
LAND, in his official capacity,
STATE OF IDAHO,

    Defendants.

---

## JURISDICTION

1.  The United States District Court for the District of Idaho
    has jurisdiction over Plaintiffs and Plaintiff Class under:
    42 U.S.C. § 1983; Plaintiffs also request the federal court to
    exercise supplemental jurisdiction over any state claim under:
    28 U.S.C. § 1367

## CLASS ACTION ALLEGATIONS

2.  This is a class action under FRCp 23 et seq. Plaintiffs are
    representatives parties of the class which is composed of all
    inmates confined in the Idaho State Correctional Center (ISCC)
    in "B" "C" and "H" blocks, or may be confined in the future.

3.  Plaintiffs are members of the class and their claims are typical
    of all class members. Plaintiffs are represented by competent
    lay legal advisors and will fairly and adequately protect the
    interest of the class. See; Veenstra v. ISBC, 1:15-cv-270-EJL
    Dkt.70, at 6

4.  The questions of law and fact presented by the plaintiffs are
    common to the class.

5.  The defendants have acted and refused to act on the grounds
    generally applicable to the class, thereby making final injunc-
    tive and declaratory relief with respect to the class as a whole.

## PLAINTIFF PARTIES

5. All plaintiffs are housed or were housed at (ISCC).

6. Plaintiffs, Albert Pete Veenstra,III, Daniel W. Perkins, Warren L. Hamilton, Robert Taylor, Rickie Storm, Todd A. Hogan, Kenny Campbell, Jacob Wibberg, have been given "Grant of General Authority/ Power of Attorney  of Parties in Interest Pursuant To Rule 20 FRCP". As Pro se Lay Legal advisors for the plaintiff class.

7. Plaintiffs, Veenstra, Perkins, Hamilton, Taylor, Hogan, Campbell, Warren, and Wibberg request the Court to Appoint them as class representatives until counsel is appointed.

8. Plaintiff Veenstra is competent and will fairly and adequately protect the interest of the class along with Perkins, Hamilton, Taylor, Hogan, Campbell, Warren, and Wibberg. See Veenstra v. ISBC, 1:15-cv-0270-EJL. Dkt. 70, fn.2 at 6.

---

2      The Court notes that, although Plaintiff Veenstra has no formal legal training, he is an active litigator in this Court and was a class representative in *Balla v. IDOC et al.*, Case No. 1:81-cv-01165-BLW—the case relied on by Plaintiffs for purposes of their equal protection claims, which will be discussed further below—for approximately two and a half years. As a result, the Court finds that Plaintiff Veenstra has relatively substantial litigation experience compared to other pro se litigants.

## MEMORANDUM DECISION AND ORDER - 6

9. A precedent has been set by this very Court in February 1984, to appoint class representatives until counsel was appointed. See: Balla v. ISBC, CV81-1165-BLW. Dkt. 106 at 2.

10. Plaintiffs and plaintiff class request the Court to grant them class representatives.

DKT. 106

## Introduction

Each of these actions was brought by Mr. Walter D. Balla, an inmate of the Idaho State Correctional Institution (ISCI), alleging constitutional deprivations taking place at ISCI.  Each of these cases was previously consolidated by the Honorable Ray McNichols, District Judge, and a class of persons was certified under Rule 23 of the Federal Rules of Civil Procedure described as "all persons confined at the Idaho Correctional Institution, Main Site, located south of Boise, Idaho, as of May 13, 1981, together with all persons confined there between the period of May 13, 1981, and the entry of final judgment in this case."

Initially, this court had reservations about the ability of the class representative (Inmate Walter Balla) to fairly and adequately protect the interests of the class.  By reason of these reservations, the court attempted to procure an attorney or attorneys to represent these pro se litigants.  The court was not successful in obtaining attorney representation for the pro se litigants, and perhaps even if an attorney could have been found, it would have resulted in a significant delay in the ultimate resolution of these cases, which cases were crying to be heard and disposed of.  The court thereupon, in February 1984, appointed Mr. Dean Schwartzmiller, an inmate at ISCI, as lead lay counsel.  Mr. Balla and Mr. Schwartzmiller thereafter shared responsibilities for the presentation of the inmates' cases.

**PRISONER CIVIL RIGHTS COMPLAINT   Page 8**

## DEFENDANT PARTIES

11.   Defendant STATE OF IDAHO, by and through Defendant BRAD LITTLE,
as Governor of the State of Idaho, is legally responsible for
the building and maintenance, including the appropriation of
adequate funding for the overall operation of the Idaho State
Correctional Center, to insure that the legislative purpose of
the ISCC, as set out in the Idaho Code is achieved and adhered
to, and that the prisoners committed to the ISCC by the courts
of the State of Idaho are not debilitated nor deprived of their
constitutional rights.

12.   Defendant BRAD LITTLE, is being sued in his official capacity as
Governor, Governor LITTLE is responsible for upholding and ensuring
compliance with the Idaho Constitution and statues enacted by the
legislature, including constitutional living conditions at ISCC
which are at issue in this complaint.

13.   Defendant LITTLE as Governor of Defendant STATE OF IDAHO is the
correct party to sue. See Idaho Const. Art. IV, § 5 ("The supreme
executive power of the state is vested in the governor, who shall
see that the laws are faithfully executed."). See: 2014 U.S. Dist.
LEXIS 66417, *17.

14.   Defendants LITTLE, ISBC, Governing Members, and IDOC Director Josh
Tewalt, were all given actual constructive knowledge and notice
of the constitutional violations at the ISCC and a request was
made to correct said violations. Notice was given in the form of a
letter/affidavit sent by plaintiff Veenstra. See pages 10,11,12.

To: Governor Brad Little
    700 W. Jefferson St.,
    Suite E-219. POB 83720
    Boise, Id 83720-0057

From: Albert Pete Veenstra,III #21864
    ISCC C-1-24A
    POB 70010
    Boise, Id 83707

To: Idaho State Board Of Correction
    Governing Members
    1299 N. Orchard, Ste 110
    POB 83720
    Boise, Id 83720-0018

To: IDOC Director Josh Tewalt
    1299 N. Orchard, Ste 110
    POB 83720
    Boise, Id 83720-0018

Date: 10/10/2019

Re: Constitutional Violations at
    ISCC-Actual Constructive Knowledge
    and Notice and request to correct
    said violations

Governor Little, ISBC Governing Members, IDOC Dir. Tewalt

    I am sending this Letter/Affidavit to give Governor Little and the
other above named parties actual constructive knowledge and notice of
8th Amendment Constitutional Violations at the Idaho State Correctio-
nal Institution (ISCC). Governor Little and all the parties named above
will be named as defendants in a prisoners civil rights complaint if
the violations are not corrected.

    In 2019, the IDOC converted several bunks at the ISCC, into four man
cells in B and C Blocks, B and C blocks were already filled to 150%
capacity before the conversions. IDOC has also placed extra cots in H
block which also resulted in overcrowding.

    At ISCI due to the Balla Case, IDOC agreed not to fill any units to
more that 150% capacity, and was informed by the U.S. District Court
in 2010 that IDOC was not to play a shell game with the placement of
offenders after the riot in 24 House in 01/03/2009. IDOC is violating
that order and have now moved the violations from ISCI to ISCC.

The specific constitutional violations that will be claimed in a §1833 prisoners civil rights complaint are as follows but are not limited to only those violations.

1. Offenders at ISCC are being denied their right to equal protection by the ISBC by being forced to live in units that are filled to more that 150% capacity when the offenders at ISCI do not have to live in this type of conditions.

2. The ISBC is violating the offenders rights at ISCC "to be free from cruel and unusual punishment by maintaining ISCC at levels above 150% of its  capacities after IDOC converted several bunks into 4 man cells in Blocks B & C. And placing cots in H Block.

3. The ISBC made these decisions without "proper regard for fire safety"

4. The ISBC has also failed "to maintain sanitary toilets" in the overcrowded Blocks.

I am requesting in writing that Governor Little instruct the ISBC and the IDOC to correct the above violations.

If a prisoners civil rights complaint has to be filed due to Governor Little's failure to have these violations corrected he will be sued in his official capacity as Governor, Governor Little is responsible for upholding and ensuring compliance with the Idaho Constitution and statutes enacted by the Legislature, including compliance with constitutional living conditions at Idaho prisons which are at issue in any future complaint filed. .See Idaho Const. Art. IV, § 5

("The supreme executive power of the state is vested in the governor, who shall see that the laws are faithfully executed."). See 2014 U.S. Dist. LEXIS 66417, *17.

This letter/affidavit is giving Governor Little and the above named parties actual constructive knowledge and notice of the above violations and request that the violations be corrected.

I Albert Pete Veenstra, III, Swear under oath that this Letter/Affid-
avit is true and correct to the best of my knowledge and have done so
under oath.

Signed and sworn to me under oath on this 11 day of October 2019.

Notary Public for Idaho

e,p,i,a'. 11/06/19

Albert Pete Veenstra,III
IDOC #21864
ISCC C1-24A
POB 70010
Boise, Id 83707

Copies sent to:

ISBC Governing Members
1299 N. Orchard, ste 110
POB 83720
Boise, Id 83720-0018

IDOC Director Josh Tewalt
1299 N. Orchard Ste 110
POB 83720
Boise, Id 83720-110

Postage paid IDOC Withdrawal
slip # 42792

Letter/Affidavit   Page 3 of 3
PRISONERS CIVIL RIGHTS COMPLAINT   Page 12

15. Defendant JOSH TEWALT is legally responsible for the over seeing of ISCC, as IDOC Director of Prisons.

16. Defendant JAY CHRISTENSEN, as Warden of the ISCC is responsible for the ISCC, and is the final Appellate Authority on all Grievances at the ISCC.

17. Defendant Housing Lieutenant GREENLAND, is responsible for the placement of prisoners at ISCC. And is also level one Initial responder of the ISCC grievance process.

18. Issue/Concern: On 04/17/20, you placed a message on our Jpay, you stated: That 170 staff members sent home or choose to stay home, because they did not feel that they could pass medical screening. My question: Were all 170 tested for COVID-19, and if so were any positive for COVID-19?. Also I have heard that a certain number of inmates have died in "H" block (3). My Question: Have any In-mates died in H-Block in the last 45 days and were they tested for COVID-19, before and after they died? I don't know as a fact, its only a rumor that I

---

**IDAHO DEPARTMENT OF CORRECTION**

**Inmate Concern Form**

Inmate Name: Weinstein Pete    IDOC Number: 21864

Institution, Housing Unit, & Cell: ISCC-C-1-24B    Date: 4-19-2020

To: IDOC Director Josh Tewalt

(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: On 4-17-2020 you placed a message on our Jpay, You stated: That 170, staff members sent home a choice to stay home, because they did not feel that they would pass medical screening my Question: were all 170 tested for Covid-19 and if so were they Positive for Covid-19? of anything. Also I have heard that a certain number have died in H-block (3) my Question: Have any inmates died in H-block in the last 45 days and were they tested for Covid-19 Before and after they died? I don't know its a fact its only a Rumor that I have Heard.

(Description of the issue must be written only on the lines provided above.)    turl

Inmate signature: ___

| **Staff Section** |
|---|
| Mason _____, MG2 |

(Signature of Staff Member Acknowledging Receipt) / Associate ID #)    Collected/Received: 4/19/20

(Date collected or received)

Reply: _____

_____

_____

Responding Staff Signature: _____ Associate ID #: _____ Date: _____

Pink copy to inmate (after receiving staff's signature),
Original and Yellow copy to responding staff (after completing the reply, yellow copy returned to inmate)

**This is an exact model and must be produced on three (3)-part NCR paper.**

---

## FACTS

19. Defendant State of Idaho by and through its legislatures fail to provide adequate funding for the operation of ISCC, and the IDOC, during its regularly scheduled 2020, Legislation Session, in direct violation of Article X, Section 1, of the Constitution of state of Idaho.

20. The failure of the defendants to provide adequate funding has caused enforced ildness and more prison violence, less recreation, increased recidivism because prisoners are required to spend the overwhelming part of their time in cells, or cubicles, Also due to under staffing, due to inadequate funding.

21. Defendant State of Idaho has failed to provide an effective alternative to incarceration and has deliberately allowed the population of the ISCC and IDOC as a whole, with the Commission of Pardon and Parole, to increase beyond the capacity for which ISCC, Blocks "B" "C" "H", were originally built for, thereby causing overcrowded conditions to exist and triple and quadruple, cubicals in blocks "B" "C", and place cots in "H" block.

22. B and C Blocks, original design was to house 252 prisoners in each block, for a total of 504. Defendants now house 824 prisoners between the two blocks.

23. "H" block was originally built as a worker building for prisoners by CCA.

24. Defendants have knowingly and willingly continued to violate all prisoners 8th. amendment rights against cruel and unusual punishment, by failing to reduce to overcrowding at ISCC.

25. Defendants have knowingly and willingly continued to violate all prisoners 8th. amend. rights against cruel and unusual punishments by forcing prisoners to be housed in cubicals with only four electrical outsources with as many as 24 appliances attached to the four outsources. Creating a fire hazard.

26. Defendants CHRISTENSEN and GREENLAND acknowledge that the overcrowding at ISCC "is to be "temporary"". See Pgs.15,16.

27. Plaintiffs have establish as a fact that ISCC staff in "C" block do not forward concern forms related to overcrowding to maintenance. Also in violation of all prisoners 14th. amend right to due process. See Pgs. 17,18.

C1-24A

IDAHO DEPARTMENT OF CORRECTION

# Idaho Department of Correction
## Grievance Form

| | | | |
|---|---|---|---|
| Offender Name: | VEENSTRA, ALBERT PETE III | Location: | ICC |
| Offender Number: | 21864 | Number: | IC 190001370 |
| | | Category: | CONDITIONS OF |

### Offender Grievance Information

Date Received: 10/21/2019

The problem is:

B & C blocks along with H-block at ISCC are overcrowded, which has creaded a denial of equal protection and a cruel and unusual punishment, violations at ISCC

I have tried to solve this problem informally by:

Sending a concern form to Lt. Greenlan and a letter/affidavit to Gov. Little, ISBC and IDOC Dir. Tewalt. See attached letter/affidavit and concern form

I suggest the following solution for the problem:

Reduce the overcrowing in B, C, and H block. Balla does not apply here at ISCC but the constitution of the US does

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 10/23/2019 | Date Returned: | 11/05/2019 |
| Date Due Back: | 11/05/2019 | Level 1 Responder: | GREENLAND, |

The response from the staff member or person in charge of the area/operation being grieved:

Inmate Veenstra

Balla vs IDOC applies to housing concerns at ISCI not ISCC and does not address and has never included any other part of IDOC.

The current population levels at ISCC are a temporary. With that said everyone including IDOC does not feel this is a good level to maintain over a permanent solution. IDOC is committed to reducing the numbers of inmates in the West Wing as quickly as we are able. The temporary time frame has not been established.

IC 190001370       VEENSTRA, ALBERT PETE   III              21864

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 11/08/2019 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 11/24/2019 | Level 2 Responder: | DIETZ, DAVID E |
| Date Returned: | 11/21/2019 | Response sent to offender: | 11/21/2019 |

Your grievance has been reviewed and I find:

IDOC is currently seeking out a longer term solution for the increase in population that we have had. We have implemented changes to the management of the housing units that you are referring to, to include but not limited to daily plumbing checks and prioritization of any maintenance issues in that area.

## Offender Appeal

Offender Comments:

I interpent the level one and level two, as an acknowledgement and admission that B, C and H. Blocks are over crowded. But this does not solve the cruel and unusual punishment problems. Not to mention the disregand to proper fire safety issues. Furthermore maintenance is not doing daily plumbing checks. And I was informed that on C-2, there is only 3 toilets that are working and that two showers are not working right. I was told this on 11-25-19 at 8:45 am and was told by inmates that they have requested work orders to be submitted for several day, but nothing has been done. They are afraid to say anymore because of fear of retaltiation by the 6:30 am shift. I ask them to send concern forms to ms. owens. But they refused because of fear of retaliation please reduse overcrowding and maintain our plumdy needs. It is my belief that the 6:30 am shift is not submitting work orders as they say but only my belief

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 11/26/2019 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 11/26/2019 | Level 3 Responder: | CHRISTENSEN, JAY |
| Date Due Back: | 12/12/2019 | Response sent to offender: | 11/29/2019 |
| Date Returned: | 11/27/2019 | | |

Your appeal has been reviewed and I find:

I would concur with both level 1 and 2 responses as well as a portion of your complaint. While the intent for a recent increase in bunk count is to be "temporary" the population increase in the state of Idaho mirrors the population increase in the IDOC total count. The only viable solution at this point is additional beds which the department is seeking through an emergency RFP.

**PRISONERS CIVIL RIGHTS COMPLAINT   Page 16**

CI-24A

# IDAHO DEPARTMENT OF CORRECTION
## Inmate Concern Form

Inmate Name: _Fergson Peto_          IDOC Number: _21864_

Institution, Housing Unit, & Cell: _Isec C-1-24A_          Date: _11-3-19_

To: _Randy Garuse_

(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: _we have a problem with weak croppe have submitted to maintance here in C-1 if this happens to 1 year it it the the maintance crew check on all time that we ___ ___ ___ fixed maintance ___ ___ consider our shower showers that ___ ___ ___ ___ t. n. d_

(Description of the issue must be written only on the lines provided above.)

Inmate signature: _____

| Staff Section | |
|---|---|
| (Signature of Staff Member Acknowledging Receipt) / Associate ID# | Collected/Received: _11-3-19_ |
| | (Date collected or received) |

Reply: _____

Responding Staff Signature: _____  Associate ID #: _____  Date: _____

Pink copy to inmate (after receiving staff's signature),
Original and Yellow copy to responding staff (after completing the reply, yellow copy returned to inmate)

**This is an exact model and must be produced on three (3)-part NCR paper.**

PRISONERS CIVIL RIGHTS COMPLAINT   Page 17

C1-24A

**IDAHO DEPARTMENT OF CORRECTION**
**Inmate Concern Form**

Inmate Name: LEENSTRA                          IDOC Number: 21864

Institution, Housing Unit, & Cell: ISCC - C-1-24U              Date: 11-25-19

To: Ronda Owens

(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: I sent you the attached concern form. I'm not sure that you received it. I don't want to ignore this. I am that I hope that you can get this issue corrected. Also I want to RFS you to Grievance # 190001370 D.W. Dietz Response. Maintenance does not do daily checks on the Plumbing.

(Description of the issue must be written only on the lines provided above.)

Inmate signature: [signature]

| **Staff Section** |
|---|

[signature]                    11/25/19           Collected/Received: 11/25/19
(Signature of Staff Member Acknowledging Receipt) / Associate ID#)          (Date collected or received)

Reply: I did not receive the first concern form. I have met with maintenance, housing Lt and DW Dietz. These issues are in the being checked on a daily basis we're working towards developing a consistent process between maintenance and the unit staff.

Responding Staff Signature: Ash Owens          Associate ID #: ____   Date: 11/26/19

Pink copy to inmate (after receiving staff's signature),                 cc: DW Dietz      cc: Lt. Greenland
Original and Yellow copy to responding staff (after completing the reply, yellow copy returned to inmate)   cc: Maintenance Evans

**This is an exact model and must be produced on three (3)-part NCR paper.**

28. Plaintiffs Veenstra, Perkins, Storm, Campbell, and Wibberg have exhausted all administrative remedies by the grievance system.
   Veenstra Grievance #19-01370
   Storm Grievance #19-0917
   Campbell Grievance #19-01461
   Perkins Grievance #
   Wibberg Grievance #

29. Plaintiffs Hamilton and Taylor, have stated that they filed grievances, but that they never were processed and returned.

30. Plaintiff Hogan, talked to Defendant Christensen on 10/23/19, on C-1, about the failure to maintain the showers and toilets, including black mold unsanitary conditions regarding the showers, and asserted that problems were due to overcrowding.

31. Defendant instructed Plaintiff Hogan to send him a concern, which Hogan did. Defendant Christensen's response was "We will follow up".

32. After no "follow up", Hogan filed a grievance, Grievance Coordinator Sessions did not process, due to Hogan not resolving the issue with applicable staff.

33. Defendant Christensen as Warden of ISCC is the level 3 Appellate Authority, and once he responds to concern form the issue is considered exhausted. Hogan asserts it is exhausted.


## LEGAL CLAIMS/CONSTITUTIONAL VIOLATIONS


34. The facts related above disclose a concerted and systematic effort by the defendants and their agents to deprive the plaintiffs and the plaintiff class of their constitutionally secured rights, including but not limited to those enumerated in the succeeding paragraphs.

35. Defendant State of Idaho by failing to provide adequate funding to maintain and staff ISCC and IDOC as a whole, have violated the plaintiffs right to be free from cruel and unusual punishment, an 8th. amendment violation.

36. Defendant State of Idaho by failing to provide adequate funding to maintain and train staff at ISCC have violated plaintiffs 14th. amend. right to due process, by failing to train staff on how to handle unsanitary living conditions in overcrowded blocks.

37. Defendant State of Idaho by failing to provide adequate funding
    has failed to provide prisoners with adequate clothing including
    foot wear for the winter months for indigent prisoners, in vio-
    lation of the 8th. amend. See Campbell Grievance #19-01461

38. Plaintiffs assert the Defendants are violating the plaintiffs
    constitutional rights in the following areas but are not limited
    to only these issues.

(A). Prisoners are denied equal protection by being forced to live in
    blocks that are filled to more that 150% capacity when no other
    prisoners are forced in overcrowded conditions.

(B). Defendants are violating plaintiffs right "to be free from cruel
    and unusual punishment" by maintaining blocks at ISCC with more
    than 150% capitity.

(C). Defendants made these decisions without "proper regard for fire
    safety".

(D). Defendants have failed to maintain sanitary toilets and showers
    in the overcrowded blocks.

(F). All the above are in violation of the 6th. 8th. and 14th. Const-
    itution rights of the plaintiffs and plaintiff class.

<div align="center">PRAYER FOR RELIEF</div>

1. That this Court determine, pursuant to Rule 23 FRCP, that this
   action is a proper class action and that the named plaintiffs,
   Veenstra, Perkins, Hamilton, Taylor, Storm, Hogan, Campbell, and
   Wibberg are proper class representatives.

2. That this Court enter an Order declaring that the defendants
   have acted in violation of the United States Constitution, and
   violated the plaintiffs and the plaintiff class of their rights
   to be free from cruel and unusual punishment, and due process.

3. That this Court enter a Preliminary/Permanent Injunction and
   Restraining Order, Ordering the Defendants to reduce the prisoner
   overcrowding in B,C, and H Blocks, to their original design
   capacities, due to overcrowding, COVID-19, and Defendant TEWALT"S
   failure to reply and address a concern form sent to him on 04/19/20.

4. Grant Plaintiffs request for counsel, Plaintiffs will be reques-
   ting through discovery the schematics of ISCC, to address the fire
   safety issues and a attorney will required due to security issues,
   prisoners can't review the schematics of a prison.

<div align="center">PRISONERS CIVIL RIGHTS COMPLAINT  Page 20</div>

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and

that I deposited this complaint postage prepaid in a United States postal depository unit on
_____ *(date)*; OR that I gave the complaint to prison officials for mailing and filing with the
Clerk of Court under the indigent inmate policy on  5-4-2020  *(date); OR (specify other method)*
      ECF                   .

        Executed at  ISCC                    on  5-4-2020         .

                                    Albert Pete Veenstra,III

                                    Daniel W. Perkins

                                    Warren L. Hamilton

                                    Robert Taylor

                                    Rickie Storm

                                    Todd A. Hogan

                                    Kenny Campbell

                                    Jacob Wibberg

PRISONERS CIVIL RIGHTS COMPLAINT   Page 21