UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT PETE VEENSTRA, III; DANIEL W. PERKINS; WARREN L. HAMILTON; KENNY CAMPBELL; JACOB WIBBERG; TODD A. HOGAN; and ROBERT TAYLOR,<br><br>Plaintiffs,[1]<br><br>v.<br><br>BRAD LITTLE; IDAHO STATE BOARD OF CORRECTION GOVERNING MEMBERS; JOSH TEWALT; JAY CHRISTENSEN; LIEUTENANT GREENLAND; and STATE OF IDAHO,<br><br>Defendants. | Case No. 1:20-cv-00210-BLW<br><br>**ORDER DENYING REQUEST FOR CLASS CERTIFICATION and ORDER OF SEVERANCE** |

Plaintiffs Albert Pete Veenstra, III, Daniel W. Perkins, Warren L. Hamilton, Kenny Campbell, Jacob Wibberg, Todd A. Hogan, and Robert Taylor[2] are prisoners in the custody of the Idaho Department of Correction. Plaintiffs have filed a purported class

---

[1] The Court will grant Plaintiff's Motion for Leave to File First Amendment to Complaint with One Attachment, which the Court will construe as a motion to file a supplement of the last page of the Complaint, this time signed by Plaintiffs Hogan and Taylor, who did not sign the original complaint.

[2] These seven Plaintiffs also attempt to include, as plaintiffs, numerous other prisoners. However, only these seven Plaintiffs have signed the Complaint. *See* Dkt. 1 at 21; Dkt. 6 at 3; Fed. R. Civ. P. 11(a). Therefore, the Court construes the Complaint as having been filed only by these seven Plaintiffs.

action complaint alleging that their conditions of confinement violate the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *See* Dkt. 1 at 20, ¶ 38(F).

## 1.    Request for Class Certification

Plaintiffs request class certification. *See* Dkt. 1 at 1. The Court has broad discretion whether to certify a case as a class action. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Rule 23(a) sets forth four prerequisites for a class action lawsuit: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. In addition, under Rule 23(b), the claims must meet one of three standards:

> (1)    prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2)    the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that

ORDER DENYING REQUEST FOR CLASS CERTIFICATION and
ORDER OF SEVERANCE - 2

final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3)     the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A)     the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)     the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

At this time, the Court will deny Plaintiffs' request for class certification. The nature and extent of this litigation weigh against class certification. This case is at a very early stage of litigation, and the Complaint remains subject to screening under 28 U.S.C. §§ 1915 and 1915A. The standards of law governing constitutional claims of prisoners are very high and difficult to meet, and it is unclear whether the claims in the Complaint are meritorious. Managing an inmate class action is an inherently difficult task, which the Court finds is not presently warranted given the uncertainty of the merits of the case. *See* Fed. R. Civ. P. 23(b)(3)(D).

ORDER DENYING REQUEST FOR CLASS CERTIFICATION and
ORDER OF SEVERANCE - 3

Additionally, the declaratory and injunctive relief sought in this case would apply to all Idaho inmates, whether the case proceeds as an individual or class action lawsuit. Where, as here, a suit attacks a governmental policy, procedure, or practice, there is generally little need for the suit to proceed as a class action because if the policy, procedure, or practice is held unconstitutional or otherwise invalid, the responsible government officials will be required to discontinue it. *See Lent v. Lopes*, 107 F.R.D. 62, 62 (D. Conn. 1985); *Chacon v. Zahorka*, 663 F. Supp. 90 (D. Colo. 1987); *Griffin v. Smith,* 493 F. Supp. 129 (W.D.N.Y.1980); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132 (E.D.Tenn.1980), *aff'd,* 659 F.2d 1081 (6th Cir. 1981). Thus, Plaintiffs have not shown that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Finally, the Court cannot determine at this early stage of litigation whether Plaintiffs would be adequate class representatives under Rule 23(a)(4).

For the foregoing reasons, Plaintiffs' request for class certification will be denied.

## 2.   Severance

In the exercise of its discretion, the Court finds that a multi-plaintiff lawsuit is inappropriate in this matter. The difficulties of managing this case as a multi-prisoner lawsuit, in light of prison security concerns, are greater than the benefits. The prison regulates inmate meetings and inmate-to-inmate correspondence. Severing the claims into separate actions will provide a balance between due consideration of prison regulations and protection of the right of inmates to access the courts. Further, discovery would likely

require information and documents that are confidential to inmates—such as disciplinary records—to be exchanged. Prisoners having access to such records of other prisoners is a grave security risk. Finally, a pro se plaintiff is not permitted to act as legal representative of, or make claims on behalf of, anyone but himself. Therefore, it is necessary that each Plaintiff bring only his own claims. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (per curiam).

However, because the claims of all seven Plaintiffs may benefit from coordinated processing, the severed cases will remain with the undersigned judge. Plaintiff Veenstra will be permitted to proceed with his claims under the instant case number. The claims of Plaintiffs Perkins, Hamilton, Campbell, Wibberg, Hogan, and Taylor will be severed into six new, separate cases.

It may become appropriate at a later date to consolidate the cases. It simply appears that, at this particular stage of the proceedings, separate actions are more appropriate.

## 3.    Conclusion

Plaintiffs have not shown that they are entitled to class certification under Rule 23. Moreover, the Court finds it appropriate to sever this case into separate actions, each with a single plaintiff.

The remaining requests included in the Complaint, such as Plaintiffs' request for appointment of counsel, will be addressed in each individual severed case.

ORDER DENYING REQUEST FOR CLASS CERTIFICATION and
ORDER OF SEVERANCE - 5

## ORDER

**IT IS ORDERED:**

1.      Plaintiffs' Motion for Leave to File First Amendment, construed as a motion to file a supplement (Dkt. 6) is GRANTED.

2.      Plaintiff's request for class certification (contained in the Complaint) is DENIED without prejudice.

3.      Plaintiffs' Motion for Leave to Give Notice of Exhaustion (Dkt. 7) is GRANTED IN PART, to the extent the documents are considered part of the record in this case and may be cited to by docket and page number. The Court expresses no opinion on whether any claims were properly exhausted.

4.      Plaintiffs' Notice and Grant of General Authority/Power of Attorney of Parties in Interest (Dkt. 8), which also requests class certification, is REJECTED. If any of the individuals identified in that document intend to pursue federal civil rights claims, they must file a new, separate action asserting those claims.

5.      The Clerk of Court is directed to SEVER the claims of Daniel W. Perkins, Warren L. Hamilton, Kenny Campbell, Jacob Wibberg, Todd A. Hogan, and Robert Taylor into six new cases—by docketing the Complaint and Supplement (Dkts. 1 and 6) and a copy of this Order, in each new case—all to be assigned to the undersigned judge.

6.    Plaintiffs Daniel W. Perkins, Warren L. Hamilton, Kenny Campbell, Jacob Wibberg, Todd A. Hogan, and Robert Taylor are TERMINATED as parties to this action, which will proceed with Albert Pete Veenstra, III, as the only Plaintiff.

7.    The Clerk of Court is directed to refile the in forma pauperis applications— as well as the corresponding statements of prisoner trust fund account and exhaustion documents—filed by Plaintiffs Perkins, Hamilton, Campbell, Wibberg, Hogan, and Taylor (contained in Dkts. 4, 5, 6, and 7), in those Plaintiffs' new individual cases, respectively.

8.    Because each Plaintiff's in forma pauperis application will be addressed in their individual cases, Plaintiffs' Motion to File Oversized in Forma Pauperis Applications (Dkt. 2) is MOOT.

9.    Each Plaintiff will be required to pay only a proportional share of the filing fee for the complaint, and each complaint will relate back to the filing date of the original complaint in the instant action.

10.   The instant case and the new cases instituted by this Order remain subject to screening by the Court pursuant to 28 U.S.C. §§ 1915 and 1915A.

DATED: June 9, 2020

B. Lynn Winmill
U.S. District Court Judge

ORDER DENYING REQUEST FOR CLASS CERTIFICATION and
ORDER OF SEVERANCE - 7